

**ORDERED in the Southern District of Florida on June 24, 2015.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

```
              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA


_____
                                 )
In re:                           )   CASE NO. 14-17004-RAM
                                 )   CHAPTER  7
SCOTT DEUTSCH,                   )
                                 )
                                 )
                                 )
                    Debtor.      )
                                 )
_____)
```

**ORDER GRANTING MOTION TO DETERMINE THAT DEBTOR'S
DISCHARGE DOES NOT AFFECT LIEN ON FUTURE DISABILITY PAYMENTS**

On June 18, 2011, nearly three years prior to the filing of this bankruptcy case, the Debtor entered into a contingency fee agreement with Gregory L. Denes, P.A. ("Denes") in which the Debtor agreed that Denes would pursue a disability benefits claim for him in exchange for 1/3 of any recovery. The

disability claim was settled in 2011 and, during the two and a half years prior to the bankruptcy filing and for almost one year after the filing, the agreement was performed. The Debtor now claims that Denes can no longer enforce the fee agreement against the future monthly disability payments (the "Future Payments") because Denes did not assert a charging lien prior to the filing of this bankruptcy case or file a proof of claim in this case.

The Debtor's attempt to extinguish Denes' right to receive 1/3 of the Future Payments prompted Denes to file a Motion to Determine that Debtor's Discharge Does Not Affect Lien Upon Future Disability Proceeds (the "Motion") [DE# 233].  For the reasons that follow, the Motion will be granted. Denes did not need to assert a charging lien prior to the filing of this bankruptcy case, nor file a proof of claim in this bankruptcy case, to preserve his right to receive 1/3 of the Future Payments under the fee agreement.

### Factual and Procedural Background

The present dispute arises out of a disability benefits claim the Debtor pursued in 2011 against Northwestern Mutual Life Insurance Company ("Northwestern"). On June 18, 2011, the Debtor and Denes executed a contingency fee agreement [DE# 233-1] (the "Agreement"). The Agreement states that (1) Denes shall be entitled to receive 33 1/3% of all disability benefits

2

recovered on the Debtor's claim against Northwestern; and (2) all disability benefits shall be paid into Denes' trust account and disbursed to the Debtor and Denes on a monthly basis.

In November 2011, Northwestern agreed to pay the disability claim. The Agreement was honored and performed in the two and a half years preceding the filing of this bankruptcy case on March 27, 2014, and honored and performed during the first ten months of the administration of this bankruptcy case. Specifically, Northwestern sent each monthly payment to Denes' trust account and the funds were distributed 1/3 to Denes and 2/3 to the Debtor as provided in the Agreement. Denes also provided assistance to the Debtor in submitting the forms required to confirm the Debtor's continued disability and right to continue to receive benefits.

After the successful conclusion of the disability case, Denes also represented the Debtor in garnishment actions resulting from a multi-million dollar judgment against the Debtor (the "Garnishment Case"). In the Garnishment Case, Denes successfully obtained a court order dissolving the writs of garnishment. Denes billed the debtor a total of $13,000 but only collected $1,000. Denes wrote off this debt as uncollectible and chose not to file a proof of claim in this bankruptcy case for the balance of the fee.

On March 27, 2014, the Debtor filed a chapter 7 voluntary petition and listed Denes as an unsecured creditor with a claim for an unknown amount of money. As noted, Denes did not file a proof of claim. On January 15, 2015, the Debtor received his discharge. On February 17, 2015, Denes received a copy of a letter the Debtor's bankruptcy counsel wrote to Northwestern, stating that the Future Payments should be paid directly to the Debtor and not to Denes [DE# 233-2]. The Debtor and his former bankruptcy counsel previously assured Denes that the disability proceeds would not be affected by the bankruptcy case. However, the Debtor now argues that Denes is no longer entitled to the disability payments because he did not assert an attorney's charging lien nor file a proof of claim. In response to Debtor's February 17, 2015 letter, Denes wrote to Northwestern on March 2, 2015, asserting Denes' continuing right to receive the Future Payments and asserting a lien on the Future Payments [DE# 240].

The issue before the Court is whether Denes needed to assert a charging lien prior to the bankruptcy filing or file a proof of claim in the case to maintain his right to receive 1/3 of the Future Payments. The Court conducted a hearing on Denes' Motion on May 21, 2015. Upon review of the record, including the Motion, Debtor's Response to [the Motion] [DE# 239] and Denes' Reply in Support of [the Motion] [DE# 241], after considering

4

the arguments of counsel presented at the May 21st hearing, and upon review of applicable law, the Court concludes that the Motion should be granted.

## Discussion

### A. It was Not Necessary or Appropriate for Denes to Assert a Charging Lien Prior to the Bankruptcy Case

Given the facts and the nature of Denes' rights under the Agreement, it was not necessary or appropriate for Denes to assert a charging lien prior to the filing of this bankruptcy case to preserve his right under the Agreement to receive 1/3 of the Future Payments.

Charging liens are equitable in nature. The Florida Supreme Court defines charging liens as a mechanism by which attorneys may enforce their equitable right to have costs and fees owed for legal services secured by the judgment or recovery in a lawsuit. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383, 1384 (Fla. 1983)("*Baucom*").

In order to impose a charging lien, Florida law requires:

> (1) a contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien.

5

*In re Washington*, 242 F.3d 1320, 1323 (11th Cir. 2001)(*citing Baucom* at 1385.

In this case, the first and second elements are met by the express terms of the Agreement. However, the third element, the existence of a fee dispute, was not present when this case was filed. Prior to filing his bankruptcy case, the Debtor never challenged the Agreement or objected to the procedure provided for in the Agreement in which payments were made to Denes' trust account. Therefore, there was no reason or basis for Denes to assert a charging lien prior to the filing of this bankruptcy case.

**B. Denes Timely Asserted a Postpetition Charging Lien**

There was no fee dispute until Debtor's counsel contacted Northwestern in February of 2015 to challenge the Agreement. At that point, Denes provided a timely charging lien notice by sending the March 5, 2015 letter to Northwestern asserting a lien on the Future Payments. Thus, if a charging lien was necessary to preserve Denes' rights under the Agreement, the lien was asserted and established promptly after the dispute arose.

**C. Denes Did Not Need to File a Proof of Claim**

The Debtor argues that Denes was listed as a creditor, that his claim for fees was not secured, and that "his general unsecured claim for fees was discharged." [DE# 239, p.3]. Denes,

6

in turn, argues that he was only listed as a creditor because of the unpaid fees for his representation of the Debtor in the Garnishment Case and that he did not file a claim because he had already written off those fees as uncollectable.

Under the facts of this case, Denes did not have an unsecured claim in regards to his entitlement to the Future Payments. First, on the petition date, there was no debt. Northwestern sent each monthly payment to Denes' trust account and the funds were disbursed in the percentages provided for in the Agreement. Second, even if Denes' right to 1/3 of the Future Payments could be considered a prepetition claim, quantifying this hypothetical claim would be difficult because all Future Payments are contingent upon the Debtor's continuing disability.

Finally, assuming further that this claim could be quantified, it could not be allowed as a general unsecured claim that would share *pro rata* in the distribution of funds recovered by the Trustee in this case. Denes' rights under the Agreement are enforceable only against 1/3 of the exempt Future Payments. In short, there was no need for Denes to file a proof of claim.

**D. Denes has a Vested Interest in his Share of the Future Payments**

Although the Court finds that Denes has a charging lien on all Future Payments, the Court questions whether Denes' 1/3 share of the Future Payments is even property of the Debtor.

Arguably, under the Agreement, when each monthly payment is received and deposited in Denes' trust account, the funds are held in trust with the Debtor having an interest in 2/3 of the money and Denes having an interest in 1/3. Viewed this way, the Debtor has no ownership or beneficial interest in Denes' 1/3 of all future payments.

## Conclusion

The Debtor agreed to pay his attorney, Denes, 1/3 of all monies paid by Northwestern in settlement of the Debtor's disability claim. Denes did not need to assert a charging lien prior to the Debtor's bankruptcy case to enforce the Agreement because the Debtor never objected to the fee. Once the Debtor objected, Denes timely asserted his charging lien on the Future Payments. Under the Agreement, Denes had, and continues to have, a valid and enforceable lien on 1/3 of all Future Payments. The Court further finds that it was not necessary or appropriate for Denes to file a proof of claim because he could not share in any distribution from estate assets. Therefore, it is –

**ORDERED** as follows:

1. The Motion is granted.

2. Denes is entitled to fully enforce his rights under the Agreement. Denes' right to 1/3 of all Future Payments was not affected by this bankruptcy case or by the issuance of a discharge to the Debtor in this case.

```
                          ###

COPIES TO:

Susan D. Lasky, Esq.
915 Middle River Drive
Suite 420
Fort Lauderdale, FL   33304
(Counsel for Debtor)

Robert G. Fracasso, Jr., Esq.
201 S. Biscayne Blvd., Suite 1500
Miami, FL   33131
(Counsel for Gregory L. Denes)

Robert A. Angueira, Chapter 7 Trustee
6495 SW 24th Street
Miami, FL   33155
```